IN THE STATE COURT OF SPALDING COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **FAYE ROPER,** **Plaintiff** v. **JENIEL, LLC d/b/a BOJANGLES' FAMOUS FRIED CHICKEN & BISCUITS; JOHN DOES 1-3 and ABC CORPORATIONS 1-3** | CIVIL ACTION NO: 22SV-151 JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

COMES NOW Faye Roper, by and through the undersigned counsel, and files this Complaint for Damages and Demand for Trial by Jury against the above-mentioned Defendants and shows as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff, Faye Roper, is a citizen and resident of the State of Georgia.

2.

Defendant, JENIEL, LLC d/b/a/ Bojangles Famous Fried Chicken and Biscuits is a foreign limited liability company registered to do business in the State of Georgia. Service may be made upon Jeniel LLC's registered agent, Registered Agents, Inc., 300 COLONIAL CENTER PARKWAY, STE 100N, ROSWELL, GA, 30076.

3.

Defendants, JOHN DOES 1-3 are individuals, whose identities and whereabouts are currently unknown, who either owned, managed, operated, maintained, and/or were responsible

for the maintenance of the Bojangles' Famous Fried Chicken and Biscuits located at 828 W. Taylor Street, Griffin, Georgia 30223 (hereinafter referred to as "the premises"). Defendants are subject to the jurisdiction and venue of this court and will be served with Summons and Complaint once their respective identities are revealed.

4.

Defendants, ABC CORPORATIONS 1-3 are entities, whose identities and whereabouts are currently unknown, who either owned, managed, operated, maintained, and/or were responsible for the maintenance of and the preservation of evidence of the premises. Defendants are subject to the jurisdiction and venue of this court and will be served with Summons and Complaint once their respective identities are revealed.

5.

All Defendants are subject to the jurisdiction of this Honorable Court. *See* O.C.G.A. § 15-7-4.

6.

Pursuant to Article VI, Section II, Paragraph IV of the Constitution of Georgia, O.C.G.A. § 9-10-31 and O.C.G.A § 14-2-510, venue is proper in any county in which one of the alleged tortfeasors resides. Defendant Bojangles' Famous Fried Chicken & Biscuits resides in Spaulding County and as such, venue is proper in Spaulding County, Georgia.

## COUNT I: NEGLIGENCE OF DEFENDANTS

7.

Plaintiff incorporates paragraphs one (1) through six (6) above as if the same were restated herein.

8.

At all relevant times, Plaintiff, Faye Roper, was an invitee on the premises.

9.

On or about June 10, 2020 (hereinafter referred to as the "date of incident"), Plaintiff, was an invitee of the Bojangles' Famous Fried Chicken & Biscuits located at 828 W. Taylor Street, Griffin, Georgia 30223.

10.

While walking through the building, Ms. Roper slipped and fell due to liquid on the floor, which she did not see prior to falling.

11.

As a result of the fall, Ms. Roper suffered serious bodily injuries.

12.

At all relevant times, Ms. Roper exercised reasonable care for her own safety.

13.

At all relevant times, Defendants, owned, operated, maintained, and/or were the legal possessors of the premises.

14.

At all relevant times, Defendant owed a legal duty under O.C.G.A § 51-3-1 to exercise reasonable care towards invitees, such as the Plaintiff, by inspecting and keeping the premises safe from unreasonable hazards.

15.

At all relevant times, Defendant knew or should have known that there was liquid on the floor of the premises in a location where invitees would be walking.

16.

At all relevant times, Defendants negligently failed to keep its premises free from hazards and/or adequately warn Ms. Roper of the hazard.

17.

Defendant's negligence was the proximate cause of Plaintiff's injuries, thus, Defendant is liable to Plaintiff under O.C.G.A § 51-3-1.

18.

Defendants are liable for the acts and omissions of their employees in failing to inspect the Premises and/or removing the hazardous condition under a theory of *respondeat superior.*

19.

Defendants are liable for the acts and omissions of their employees in failing to inspect the Premises and/or removing the hazardous condition under a theory of negligent hiring, retaining, training, and/or supervision.

## COUNT II: ORDINARY NEGLIGENCE

20.

Plaintiff incorporates paragraphs one (1) through nineteen (19) above as if the same were restated herein.

21.

At all relevant times, Defendants owed a legal duty under O.C.G.A. § 51-1-2 to exercise ordinary care towards the Plaintiff by acting as a reasonably prudent person under the same or similar conditions.

22.

Under Georgia law, the Defendants owe "a general duty to all the world not to subject them to unreasonable risk of harm." Lipham v. Federated Dept. Stores Inc., 208 Ga.App. 385, 430 S.E.2d 590 (1993).

23.

By allowing hazards to exist on the premises in an area where people were likely to walk, Defendants created an unreasonable risk of harm and did not act as a reasonably prudent person would under the same or similar conditions.

24.

As a proximate result of Defendant's negligence, outlined above, Plaintiff suffered substantial injuries and damages. Plaintiff has incurred at least $57,603.76 in past medical expenses, and such expenses are continuing in nature. Plaintiff is also entitled to recover general damages, including but not limited to: past pain and suffering, future pain and suffering, emotional distress, and mental anguish.

**WHEREFORE,** Plaintiff prays:

a) That process and summons be served upon the Defendants according to law;

b) That the Defendants be served with a copy of Plaintiff's Complaint for Damages and Demand for Trial by Jury and show cause as to why the prayers for relief should not be granted;

c) That all issues be tried before a jury of twelve persons;

    d) That Plaintiff recovers general damages against the Defendants in an amount to be determined by the enlightened conscience of the fair and impartial jury ;

    e) That Plaintiff recovers special damages against the Defendants in an amount to be determined by the enlightened conscience of the fair and impartial jury;

    f) That Plaintiff recovers such other relief as is just and proper; and

    g) That all issues be tried before a jury of twelve persons.

Respectfully submitted this 3rd day of June, 2022.

*/s/    Ivy R. White*
IVY WHITE, Attorney for Plaintiff
GA Bar No. 893782
MORGAN & MORGAN ATLANTA, PLLC
P.O. Box 57007
Atlanta, Georgia 30343
Tel:  (404) 965-1917; Fax: (470) 639-6906